IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARIUS SADDLER,

      Plaintiff,

vs.                                        Case No. 17–cv–0067–DRH

ALDRIDGE,
STROUD,
REED, and
MCCOLLUM

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff Darius Saddler, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

On July 10, 2016, Plaintiff submitted a request slip to the health care unit at Vienna complaining of pain in his ear and jaw area. (Doc. 1-1, p. 1). Dr. Aldridge conducted a dental screening on July 19, 2016, and told Plaintiff he had a hole in one of his teeth. *Id.* Plaintiff reported to Aldridge's office on July 26, 2016 to have the tooth extracted. *Id.* Aldridge attempted to pull the tooth straight out, without success. *Id*. Aldridge and Stroud, his assistant, informed Plaintiff that they would have to drill the tooth in half in order to extract it. *Id*. Plaintiff experienced severe pain and discomfort when the drilling started. *Id*. As a result

of his pain and discomfort, Plaintiff's body began making uncontrollable jerking movements. *Id.* Aldridge asked Plaintiff why he was jerking. (Doc. 1-1, p. 2). Plaintiff told him that he felt pain and the jerking was uncontrollable. *Id*. Aldridge told him to get out. *Id*. Plaintiff refused because he was bleeding and the procedure was incomplete. *Id*. Aldridge stood over Plaintiff and balled his fist in a threatening manner. *Id.* Reed and McCollum ultimately escorted Plaintiff out of the dentist's office. *Id.* Plaintiff did not receive any medication for pain or infection, any mouth rinses, any salt, or any packing to address the bleeding in his mouth. *Id.*

On August 11, 2016, Plaintiff was transported to Dr. Heine in Paducah, Kentucky to complete the procedure. Heine told Plaintiff he had an infection and irritation. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Aldridge and Stroud were deliberately indifferent to Plaintiff's serious dental needs in violation of the Eighth Amendment when they began an extraction procedure they were unequipped to complete, ignored his complaints of pain during the procedure, and kicked him out of the incomplete procedure without adequate supplies to manage his aftercare and pain.

3

Plaintiff has also attempted to bring other Counts, but for the reasons elucidated below, these claims do not survive threshold review.

**Count 2 –** Aldridge and Stroud were medically negligent when they had Plaintiff escorted out of the dental office mid-procedure after he complained of pain, and failed to schedule a follow up for more than two weeks.

As to Plaintiff's **Count 1**, in order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff has alleged that when he told Aldridge and Stroud that he felt pain during drilling and that the pain was causing involuntary jerking, they stopped a tooth-extraction mid-procedure and kicked him out.  Plaintiff also alleges that because the procedure was suddenly stopped, his mouth was bleeding and he required oral care, pain medication, and antibiotics, which Aldridge and Stroud failed to provide.  At the pleading stage, this is sufficient to state a claim against Aldridge and Stroud under the Eighth Amendment for deliberate indifference, and **Count 1** will be allowed to proceed.

But **Count 2** must be dismissed without prejudice at this time.  Plaintiff also brings claims of "medical malpractice" against Defendants Aldridge and Stroud, based on the same conduct detailed above.  Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of

5

medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her

action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits. Therefore, the claim in **Count 2** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 90 days from the date he filed his Complaint (on or before April 20, 2017) to file the required affidavits/certificates. Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 shall become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

Additionally, Plaintiff has named Reed and McCollum as defendants in this action. But the only allegation Plaintiff includes against them is that Reed and McCollum escorted Plaintiff out of the health care unit after Aldridge stopped treating him. Reed and McCollum cannot be held liable for deliberate indifference because there is no allegation that they knew about the particulars of Plaintiff's dental needs. Plaintiff does not allege that he told either guard about his situation or that he asked them to summon other medical care. Furthermore, Reed and McCollum, as officers, had no authority to override Aldridge's determinations on the spot about what kind of care Plaintiff needed, nor would they have been able to order Aldridge to continue. All that a guard can do in a deliberate indifference case is inform the relevant medical professional about a prisoner's need. *See Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015) ("Obviously the guard can't be faulted for being unable to treat an abscessed tooth, but he can be

7

for not having reported [the] complaints. . . ."). Reed and McCollum will be dismissed without prejudice because Plaintiff has not pleaded enough facts to raise an inference of plausible liability on his deliberate indifference claim.

## Pending Motions

Plaintiff's motion to request counsel will be referred to a magistrate judge for disposition.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's **COUNT 1** survives threshold review. However, Defendants Reed and McCollum will be **DISMISSED without prejudice** for failure to state a claim against them.

**IT IS FURTHER ORDERED** that as to the medical malpractice claims in **COUNT 2** against Defendants Aldridge and Stroud is **DISMISSED without prejudice**. Should Plaintiff wish to pursue that claim, he shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, no later than April 20, 2017. Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** shall become a dismissal with prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Aldridge and Stroud: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this

Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 20, 2017**

Judge Herndon
2017.02.20
13:37:50 -06'00'

**United States District Judge**