# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS SADDLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-67-DRH-SCW |
| ALDRIDGE and STROUD, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Plaintiff Darius Saddler, acting *pro se*, filed the present lawsuit pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights during his incarceration as an inmate in Vienna Correctional Center ("Vienna"). This matter is before the Court on an Order to Show Cause (Doc. 30) and an oral Motion to Dismiss for Lack of Prosecution (Doc. 31). As discussed below, the undersigned **RECOMMENDS** that the district judge **DISMISS** Plaintiff's suit **with prejudice** for failure to prosecute.

### BACKGROUND

Plaintiff filed his Complaint in this action on January 20, 2017. (Doc. 1). At that time, Plaintiff was incarcerated at Vienna. (*Id.* at 1). On March 29, 2017, Plaintiff filed a Notice of Change of Address and provided a new address of 606 East 90th Street, Chicago, IL. (Doc. 17). In late May 2017, two filings that were sent to Plaintiff by the Clerk of Court were returned to the Clerk as undeliverable. (Doc. 21). On July 7, 2017,

the undersigned set this matter for a Status Conference on August 1, 2017. (Doc. 29). The Notice of Hearing provided the following warning: "PLAINTIFF'S PARTICIPATION IS MANDATORY. FAILURE TO PARTICIPATE MAY RESULT IN DISMISSAL AND/OR SANCTIONS." (*Id.*)

Plaintiff failed to appear for the August 1 Status Conference, and the undersigned then set a hearing on August 22, 2017 and required Plaintiff to "appear in person and show cause as to why his case should not be dismissed for failure to prosecute." (Doc. 30). Plaintiff was again warned and told that his failure to appear for the show cause hearing would result in dismissal with prejudice. (*Id.*). Plaintiff did not appear for the August 22 show cause hearing, however. (Doc. 32). At that hearing, Defendants orally raised a motion seeking dismissal for failure to prosecute. (Docs. 31, 32).

No new Notice of Change of Address has been filed by Plaintiff since March. In his merits review order, Judge Herndon informed Plaintiff that he was under a continuing obligation to keep the Clerk of Court and opposing parties notified of any change of address, and that such notification should take place within seven (7) days after an address change. (Doc. 9, p. 10 - 11). Plaintiff was also informed that failure to notify of an address change could result in dismissal for want of prosecution. (*Id.*).

## ANALYSIS

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." **FED.R.CIV.P. 41(b)**. A district court should dismiss a suit under Rule 41(b) "when there is a clear

record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)) (internal quotations omitted). In addition, district courts have an inherent power to dismiss suits due to a plaintiff's failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars. *Id.* at 629 – 30.

Plaintiff has shown no interest in prosecuting his suit as of late. He failed to appear for the two most recent hearings set by the Court. It is possible that Plaintiff has moved residences; however, if so, he has failed to file a Notice of Change of address as required by the Court's merits review order. Regardless, the notices for each hearing were viewable to the public, and both notices warned Plaintiff of the consequences for failing to appear. The threshold order also specifically indicated that failure to notify the Court of a change of address could result in a dismissal. Therefore, the undersigned finds that Plaintiff had adequate warning of the consequences of failing to notify the Court of a new address and of failing to appear at the hearings. *See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute). Plaintiff has failed to show cause as to why his suit should not be dismissed for failure to prosecute, and the proper grounds exist to grant Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons discussed above, Plaintiff has failed to diligently prosecute his suit. For these reasons, the undersigned **RECOMMENDS** that the district judge **DISMISS** all claims in this matter **with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **September 11, 2017**.

**IT IS SO ORDERED**.
DATED: 8/25/2017

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge